UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO.: 15CR10146

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | DEFENDANT'S MOTION TO BE |
| V. | ) | RELEASED PENDING TRIAL |
| | ) | |
| JUAN LARA | ) | |

Now comes the Defendant, Juan Lara, in the above-caption matter and hereby moves this Honorable Court for an order admitting him to bail by allowing the Defendant's release upon terms and conditions that will reasonably assure the safety of the public as well as ensuring the appearance of the Defendant for trial.

Standard for Pre-Trial Detention

In order for a citizen to be detained pre-trial by the federal court, the government, on motion, must show that no combination of conditions will reasonably assure the appearance of the Defendant and the safety of any person or of the community. In the alternative, the government must prove that there is a serious risk of flight and that no combination of conditions will reasonably assure the Defendant's appearance.

The burden of proof regarding the issue of flight under 18 U.S.C § 3142 (f) (2) is by a preponderance of evidence. The burden imposed under Title 18 U.S.C. § 3142 (f) (1) is higher requiring presentation by clear and convincing proof. This is because of the importance of the interests of the Defendant which are implicated in a pre-trial detention hearing. S. Rep. No. 225, 98th Cong.; 2nd Sess. Reprinted in 1984 U.S. Code Cong. § Admin. News 3182. Thus, clear and

convincing evidence is required to establish the facts relied on that no combination of conditions will reasonably assure the safety of any other person or the community. United States v. Patriarca, 948 F.2d 789 (1st Cir. 1991), the clear and convincing standard is higher than the mere "preponderance of the evidence" standard. This standard of proof requires that evidence presented to the court support a "high degree of certainty" that no conditions would reasonably assure the safety of any individual or the community. United States V. Chimurenga, 760 F.2d 400 (2nd Cir. 1985).

The preponderance standard applies to the issue that no reasonable condition would assure Mr. Lara's appearance at trial. United States v. Patriarca, 948 F.2d 789; 792 (1st Cir. 1991); United States v. Vortis, 785 F.2d 327, 328-29 (D.C. Cir.), cert. den. 479 U.S. 841 (1986); United States v. DiGiacomo, 746 F. Supp. 176 (D. Mass. 1990).

Regarding the issue of flight and dangerousness, the burden is on the government consistent with the above. An absolute guarantee that the accused will not flee or pose a danger is not required. "The safety of the community can reasonably be assured without being absolutely guaranteed." United States v. Tortora, 922 F. 2d 880, 884 (1st Cir. 1990). The Defendant avers that the government is unable to demonstrate by the requisite standard that Mr. Lara poses a risk of flight that cannot be assured by reasonable conditions. He is therefore entitled to be released on bail.

The Bail Reform Act of 1984 requires the release of persons facing trial on the least restrictive conditions that will assure the person's appearance at trial. 18 U.S.C. § 3142 (c) (1) (B). This constitutionally compelled requirement is consistent with the principle that all citizens charged with a non-capital offense shall be admitted to bail. Stack v. Boyle, 342 U.S. 1 (1951).

"In our society, liberty is the norm and detention prior to trial is the carefully, limited exception." United States v. Salerno, 481 U.S. 739, 747 (1987).

## Standards

In its consideration of whether the government has met its burden in seeking detention, the Court must consider a number of statutory factors pursuant to 18 U.S.C. § 3142 (g).

The Defendant adopts, in theory, the recommendation set forth in the Pretrial Services Report dated June 19, 2015. As can be gleaned from this report, Mr. Lara has an extremely minor criminal record with a solid employment background. He has been a U.S. citizen since 2007 and his wife, child and grandchild all reside in the Boston area as well as a child from a previous relationship.

The conditions proposed by the pretrial officer, specifically release on an unsecured bond, are reasonable. It is the belief of the Defendant that upon execution of the arrest warrant, his passport was confiscated, which will ensure his lack of ability to travel abroad. The Defendant does not object to conditions 1 – 14. However, regarding #8, the Defendant suggests the language reflect "known members or associates of the Columbia Point Dawgs". As reasons, there may be persons who the Defendant is unaware of any that are alleged members of this group yet known to law enforcement officials.

## Conclusion

The Defendant requests that this Court order him released subject to reasonable pre-trial conditions and consistent with his proffer set forth herein.

## Local Rule 7.1 Certificate

In accordance with Local Rule 7.1, the Defendant states that he has conferred with the United States in an attempt in good faith to resolve or narrow these issues.

        Respectfully submitted,
        Juan Lara,
        By his attorney,

        /s/ Frank D. Camera
        Frank D. Camera
        B.B.O. #635930
        70 S. Main Street
        Fall River, MA  02721
        (508) 677-2878

## CERTIFICATE OF SERVICE

I, Frank D. Camera, attorney for the Defendant, Juan Lara, hereby certify that the following document filed through the ECF system will be sent electronically to the registered participants as identified on the electronic filing (NEF).

        /s/ Frank D. Camera