UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| United States | ) | |
| | ) | |
| v. | ) | Case No. 15-cr-10146-FDS |
| | ) | |
| Antonio Chatman | ) | |

### DEFENDANT'S MOTION FOR RELEASE PENDING TRIAL

The Defendant, Antonio Chatman, respectfully moves that this Court release him from custody pending trial. In support thereof, Mr. Chatman states that if released pursuant to certain proposed conditions, as outlined below, his future appearance will be reasonably assured, and his release will not "endanger the safety of any person or the community," 18 U.S.C. § 3142(c).

### Factual Background

Mr. Chatman has been indicted for violating 21 U.S.C. § 846 Conspiracy to Distribute Cocaine Base, Cocaine, Cocaine, Heroin and Oxycodone. Additionally, there is a criminal forfeiture allegation pursuant to 21 U.S.C. § 853. At a detention hearing commenced on July 8, 2015, the court was presented with a report from Probation and argument by counsel for the defendant, which was followed by the testimony of Boston Police Detective Gregory Brown. In part, Detective Brown testified that:

1. He first became familiar with Antonio Chatman when Mr. Chatman played high school basketball for Charlestown High School;

2. During the months long investigation of this multi-defendant case, nobody from law enforcement stopped, searched or found contraband on Mr. Chatman.

3. The case against Mr. Chatman is allegedly based on phone calls between one of the co-defendants and Mr. Chatman in which drug purchases were discussed and later observations of Mr. Chatman taking a livery car ride(s) to 76 Radcliffe Street, Dorchester, getting out of the car, going into the building and getting back into the livery vehicle, after making arrangements to pick up drugs (see transcript of testimony of Detective Gregory Brown, which is not yet complete).

4. Detective Brown testified that another member of law enforcement spoke to Mr. Chatman about turning himself in, but exactly what was said and acknowledged was apparently not recorded.

5. Mr. Chatman was arrested in Everett outside of Joseph Chatman's apartment. Joseph Chatman is Mr. Chatman's cousin.

6. Detective Brown testified that Mr. Chatman has appeared in a rap music video, which can be seen on You Tube, with a rifle which has not been located and may be a replica.

7. No evidence was presented that Mr. Chatman ever threatened or harmed another person.

## Personal History

Antonio Chatman grew up in Boston. He did not know his father and was orphaned at age 11, when his mother died from cancer. He does have strong roots in the Greater Boston community, including a grandmother and numerous cousins, as well as a girlfriend, who works full-time. Mr. Chatman was a highly skilled high school basketball player. He took a gap year after high school and then went to Monroe Community College, followed by over one year at Ohio University. Sadly, the coaching staff all had plans to leave Ohio University and Mr. Chatman's support system fell apart. He returned to Boston, hoping to transfer to Northeastern, but that did not materialize. He has been living with his girlfriend and relatives and getting by on monies from insurance settlements, as well as part-time work. His cousin, Joseph Chatman, is a teacher in Everett and has agreed to be a third party custodian. He has set up a landline to accommodate electronic monitoring.

## Argument

Mr. Chatman was on probation at the time of his arrest on the charges before the court. He was reporting as required. Other than the case for which he was on probation, he has not been found guilty or been under any state or federal supervision. There is one indication of a default on his record, which appears to be for an unpaid court cost, which was resolved and the case was dismissed.

Under 18 U.S.C. § 3142(e) and (f)(1)(C), there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of

3

any other person or the community when a defendant is charged with "an offense for which a maximum term of imprisonment of ten years of more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.) . . ." 18 U.S.C. 3142(f)(1)(C).

Releasing Mr. Chatman on electronic monitoring pursuant to terms and conditions established by the court will be sufficient to guarantee the safety of any other person and the community.

## Conclusion

For all of the reasons heretofore enumerated, Mr. Chatman requests that this Honorable Court order that he be released from custody pending trial, that he be electronically monitored and allowed to reside in Everett with his cousin, Joseph Chatman, acting as a third party custodian.

>  Antonio Chatman
>  By his attorney,
>
>  /s/ John Salsberg
>  John Salsberg
>  B.B.O. No. 439300
>  LAW OFFICE OF JOHN SALSBERG
>  221 Lewis Wharf
>  Boston, MA 02110
>  (617) 523-7788

July 22, 2015

CERTIFICATE OF SERVICE

    I, John Salsberg, hereby certify that on this 22nd day of July 2015 the foregoing was filed via the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent to those indicated as non-registered participants.

                                       /s/ John Salsberg
                                       John Salsberg