# BRAD BAILEY LAW, P.C.

10 Winthrop Square, 4th Floor
Boston, Massachusetts 02110
T: (857) 991-1945 | F: (857) 265-3184
bradbaileylaw.com

January 7, 2016

Emily Cummings
United States Attorney's Office
Suite 9200
1 Courthouse Way
John Joseph Moakley Federal Courthouse
Boston, MA 02210

**Re:**     **United States v. David Coke, 1:15-cr-10146-FDS; 1:15-cr-10147-MLW**

Dear Ms. Cummings:

On behalf of the defendant, David Coke ("our client"), I am respectfully requesting/reminding you to formally respond to my Local Rule 116.3 Discovery Request letters filed on December 10 and 14, 2015 regarding this case. As you know, Local Rule 116.3(a) requires "the opposing party [to] reply in writing to the requests contained in such letter[s], no later than 14 days after [their] receipt, stating whether that party agrees or does not agree to furnish the requested discovery and, if that party agrees, when the party will furnish the requested discovery." My records indicate it's has been over four (4) weeks since these letters were sent to you.

I understand the holidays have intervened since, and while I appreciate you taking the time to speak with me about these letters via phone shortly after I filed them, our communication was somewhat deficient in light of the fact that a Status Conference is currently scheduled for January 26, 2016 (and because LR 116.3(a) requires a response in writing). During that conversation you had expressed an intention to oppose some (or many) of my requests; you said you would confirm your position re all in a follow-up I have yet to receive. Since that conversation, it has been my intention to be prepared to file on or before the January 26 Status Conference discovery motions addressing your opposition to the same. I cannot properly prepare these discovery motions without your formal, written response to my December 10 and 14 discovery request letters.

1

My primary concern related to the timeliness of resolving any discovery dispute(s) is my inability to properly and fully prepare dispositive motions, including motions to suppress, without the discovery referenced in the prior letters. For example, in the December 14 letter, I requested, *inter alia*, "the application, supporting affidavit, and order authorizing the use of a pen register and trap & trace device on Target Telephones 9 & 10... ending in 3534 & 7244, respectively, and the phone number ending in 8110." The Title III warrant which authorizes interception of conversation of Target Telephones 9 & 10 appears to rely on the evidence obtained via the application, supporting affidavit and order requested. Accordingly, I cannot properly perform an adequate probable cause (or fruit of the poisonous tree) analysis of the latter, without access to the former.[1]

Although there is not presently a procedural order for the filing of such dispositive motions, I would like to be able to litigate those matters on which we are in disagreement as quickly as possible in light of the fact that my client is detained. Accordingly, I am hoping you can reply/respond regarding my outstanding discovery requests,

Sincerely,

*/s/ R. Bradford Bailey*
R. Bradford Bailey

Cc:    Clerk, United States District Court (by ECF)

---

[1] Other discovery requests made in the December 10 and 14 letters are being made with a similar purpose, such as discovery related to the controlled buys upon which the Title III affidavit(s) appear to rely.