```
          UNITED STATES DISTRICT COURT
            DISTRICT OF MASSACHUSETTS
```

Criminal No. 15-10146-FDS

```
             UNITED STATES OF AMERICA

                        v.

                    DAVID COKE
```

**MEMORANDUM AND ORDER RE:**
**MOTION FOR BILL OF PARTICULARS**
**(DOCKET ENTRY # 104)**

**June 13, 2016**

**BOWLER, U.S.M.J.**

Defendant David Coke ("the defendant") moves for a bill of particulars with respect to Count One of the Indictment charging him and other individuals with a criminal conspiracy to distribute and possess with intent to distribute cocaine, a Schedule II controlled substance, cocaine base, a Schedule II controlled substance, heroin, a Schedule I controlled substance, and oxycodone, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1). (Docket Entry # 104). The government opposes the motion. (Docket Entry # 115).

The defendant submits that the generality of the Indictment renders him unable to adequately prepare a defense and avoid surprise at trial. The defendant requests disclosure of the following:

> 1. The quantity and type of controlled substance(s) the government anticipates it will attempt to attribute to [the defendant]; 2. Whether or not the government believes those quantities and types of controlled substances are attributable to [the defendant] by virtue of seizure,

>controlled buy, or via the contents of a Title III intercepted voice communication; and 3. For the quantities and types of controlled substances the government believes are attributable via intercepted voice communication, the approximate date, time, and over which target telephone the voice communication was conducted.

(Docket Entry # 104).

## DISCUSSION

A motion for a bill of particulars, which is "seldom employed in modern practice," is allowed "only if the accused, in the absence of a more detailed specification, will be disabled from preparing a defense, caught by unfair surprise at trial, or hampered in seeking the shelter of the Double Jeopardy Clause." United States v. Sepulveda, 15 F.3d 1161, 1192-1193 (1st Cir. 1993); accord United States v. Abreu, 952 F.2d 1458, 1469 (1st Cir. 1992) (function of bill "is to provide the defendant with the necessary details of the charges against him to enable him to prepare his defense, to avoid surprise against trial, and to protect against double jeopardy"); United States v. Leach, 427 F.2d 1107, 1110 (1st Cir. 1970); see also Wong Tai v. United States, 273 U.S. 77 (1927).  A bill should only be granted when the indictment is so vague that it does not comply with these purposes.  United States v. Bloom, 78 F.R.D. 591, 599 (E.D.Pa. 1977); see United States v. Andrus, 775 F.2d 825, 843 (7th Cir. 1985).  Moreover, an indictment is ordinarily sufficiently detailed "'if it elucidates the elements of the crime, enlightens a defendant as to the nature of the charge against which [the defendant] must defend, and enables [the defendant] to plead

double jeopardy in bar of future prosecutions for the same offense.'" United States v. Poulin, 588 F.Supp.2d 64, 66 (D.Me. 2008) (quoting United States v. Sepulveda, 15 F.3d at 1192).

The decision to grant or deny a request rests with the sound discretion of the trial court. United States v. Abreu, 952 F.2d at 1469 ("grant or denial of a motion for a bill of particulars lies within the sound discretion of the trial judge"); accord United States v. Paiva, 892 F.2d 148, 154 (1st Cir. 1989). A defendant is not entitled to recover evidentiary matters by filing a motion for a bill of particulars. See United States v. Johnson, 504 F.2d 622, 628 (7th Cir. 1974); Overton v. United States, 403 F.2d 444 (5th Cir. 1986); Hemphill v. United States, 392 F.2d 45 (8th Cir. 1968); United States v. Sandler, 462 F.2d 122 (6th Cir. 1972); United States v. Wolfson, 413 F.2d 804, 808 (2nd Cir. 1969) (identity of persons present at time of offense).

Here, the Indictment provides sufficient detail regarding the charges against the defendant to enable him to prepare his defense, avoid surprise and protect against double jeopardy. Accordingly, a bill of particulars is not warranted. See, e.g., United States v. Nelson-Rodriguez, 319 F.3d 12, 30-31 (1st Cir. 2003); United States v. Hallock, 941 F.2d 36, 40-41 (1st Cir. 1991).

CONCLUSION

In accordance with the foregoing discussion, the motion for

3

a bill of particulars (Docket Entry # 104) is **DENIED**.


                                         /s/ Marianne B. Bowler
                                      **MARIANNE B. BOWLER**
                                      United States Magistrate Judge